# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-874 PA (PJWx) | Date | February 16, 2018 |
|---|---|---|---|
| Title | Michael Stevens, et al. v. HD Supply Management, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on February 2, 2018, by defendant HD Supply Management, Inc. ("Defendant"). (Docket No. 1.) Defendant asserts that the Court has jurisdiction over this action, brought by plaintiffs Michael Stevens, Michael Littleford, and Mark Littleford (collectively "Plaintiffs"), based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, in an effort to establish each Plaintiffs' citizenship, the Notice of Removal asserts that:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-874 PA (PJWx) | Date | February 16, 2018 |
|---|---|---|---|
| Title | Michael Stevens, et al. v. HD Supply Management, Inc., et al. | | |

    7. At the time of the filing of the complaint, Plaintiffs allege that they reside in the state of California. Saluja Decl., Ex. A, Complaint ¶¶ 1-3.

    8. Diversity of citizenship existed among the parties when the Complaint was filed on December 27, 2017, and exists as of the date of this Notice being filed. HD Supply Management is informed and believes that Plaintiffs are and continue to be citizens and residence of the State of California. For removal purposes, citizenship is measured both when the action is filed and removed. For diversity purposes, a person is a citizen of the state in which he or she is domiciled. Residence is prima facie evidence of domicile. Thus, HD Supply Management believes that Plaintiffs reside and are domiciled in the State of California.

(Notice of Removal ¶¶ 7–8 (internal citations omitted).) However, a person's residence is not the same as his domicile, so the allegations of Plaintiffs' residence do not establish their citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Therefore, the Notice of Removal does not adequately allege the citizenship of Plaintiffs, and Defendant has failed to demonstrate that complete diversity exists.

    As a result, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC688171. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.